IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JUNE THAMES**                                                                                               **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 1:19-CV-129-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

### ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the court on the motion (Doc. 20) of the plaintiff, June Thames, to alter or amend the court's judgment affirming the Commissioner's decision denying the plaintiff disability benefits. After due consideration, the court denies Thames' motion.

### *Facts and Procedural History*

On June 23, 2013, Thames applied for disability benefits, alleging disability beginning October 29, 2012. The administrative law judge ("ALJ") denied her claim after a hearing. She appealed to this court, which remanded the case for reconsideration of the expert opinions. On remand, another ALJ heard testimony, including from a medical expert ("ME"). This ALJ issued an unfavorable decision resulting in this appeal. The ALJ considered the findings and opinions of a disability determination service physician ("DDS"), the findings and opinions of a consultative examiner ("CE"), and the testimony of the medical expert before ultimately concurring with the the DDS physician's assessment of Thames' residual functional capacity ("RFC")

The ALJ found that Thames could perform light work but restricted her from even moderate exposure to pulmonary irritants. Because of her age, if Thames is limited to sedentary

1

work, she would be deemed disabled under the grids. 20 C.F.R. Pt. 404, Subpt P, App. 2. Following briefing and oral argument, this court entered its judgment affirming the Commissioner's decision. Thames has filed a timely motion to alter or amend the court's judgment.

### *Law and Standard of Review*

A motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "Such relief is appropriate only in three circumstances: '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.* "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 775 (5th Cir. 2017).

The plaintiff argues for the alteration of the judgment based on the third ground — the need to correct a clear error of law.

### *Analysis*

With her motion, Thames argues that the ALJ's decision was not supported by substantial evidence but only by the "unsubstantiated error filled opinion from a non-treating, non-examining physician that ignored the evidence."

Dr. Randall Wisdom performed a consultative examination of Thames and restricted her to sedentary work. However, the ALJ did not credit these restrictions, finding Wisdom's functional restrictions were inconsistent with his objective findings. Other than her decreased grip strength, all of Dr. Wisdom's objective findings were normal. Dr. Stein, the ME, testified this was an isolated finding of weakness in the claimant's wrists that was not particularly significant because

2

the plaintiff did not complain about problems with dropping things. Stein also testified that there was no medical evidence to support Wisdom's limiting Thames to lifting and carrying fifteen pounds. While Dr. Wisdom noted the plaintiff's reports of tender spots in joints and muscles, Stein testified this was not an objective finding. Stein testified that Wisdom's functional findings were simply reports of limitations Thames claimed.

      The ALJ also considered Dr. Stein's opinions, accepting much of his testimony, but rejecting his recommendation that the plaintiff perform could perform only sedentary work. The plaintiff testified to attacks of tingling and numbness which Dr. Stein said was inconsistent with peripheral neuropathy. He also testified that she had neither diabetes nor long-term alcoholism which could cause peripheral neuropathy. He rejected her claims of feeling like she had electricity going through her body and falling as a result, saying this description was not consistent with any known neurological condition. He then offered that if "she feels like she falls easily because of the shocks … sedentary would be less of a hazard." Because Dr. Stein's opinion that Thames needed to perform sedentary work was based on her subjective statements and also inconsistent with his finding that nothing supports her statement regarding shocks, substantial evidence supports the ALJ's decision to reject that portion of his opinion.

      In this case the plaintiff also argues that the opinion of Dr. Sullivan, a DDS physician, is factually erroneous. The plaintiff argues that the DDS physician ignored the evidence in the record — the report of Dr. Wisdom — when he formulated a light work RFC. The medical source statement contains the following question: "Are there medical source and/or other opinions about the individual's limitations or restrictions which are more restrictive than your findings?" Dr. Sullivan answered this question "no," despite having, as the plaintiff notes, "clearly reviewed" Wisdom's report. There are, in fact, two DDS medical source statements on the plaintiff's physical

RFC in the file -- Dr. Sullivan's and Dr. Gibson's. Both doctor's reports contain not only a reference to Dr. Wisdom's report but details of his examination findings and the restrictions he gave Thames. Both clearly reviewed Dr. Wisdom's report, though they disagreed with his opinions. Both doctor's reports include a discussion of Wisdom's report, a statement finding Thames could do light work, and then both responded "no" to the above question. It appears that by these answers, the DDS doctor's may have intended to refer to any *other* medical source other than the already-discussed Wisdom report. But if these answers are error, they are harmless error. Both Dr. Sullivan and Dr. Gibson reviewed the evidence, including the CE's report, and concluded that the plaintiff's claims were not medically supported, and both determined she could do light work.[1]

      The plaintiff argues that the opinion of a DDS physician is not "substantial evidence" to support the ALJ's decision. Because there will be one or more unfavorable DDS opinions in every case that is appealed, she argues that if a DDS opinion is substantial evidence, no plaintiff can ever prevail on appeal. The court agrees that frequently the opinions of the DDS physicians will not constitute substantial evidence. While these physicians are familiar with Social Security standards, their opinions are never based on personal examinations. Because these doctors' opinions are typically issued early in the development of the disability claim, the opinions are frequently based on incomplete medical records. When that is the case, these opinions, standing alone *and* contradicted by examining sources will not rise to the level of substantial evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). That is not the case here. The DDS physicians reviewed all the medical records including Dr. Wisdom's findings in his examination of the

---

[1] The ALJ's decision, though not naming the DDS physician, referenced the doctor's gender, indicating that he was discussing Dr. Gibson's report, not Sullivan's.

claimant. Like the ALJ, they rejected Dr. Wisdom's restrictions as inconsistent with his objective findings. Furthermore, Dr. Stein's testimony is largely consistent with the opinions of the DDS physicians. Stein found Wisdom's stated lifting restrictions unsupported by objective findings. When Stein recommended sedentary work, he admittedly based the RFC on the claimant's subjective complaints, including symptoms inconsistent with peripheral neuropathy or any other neurological condition. In this case, the opinions of the DDS physicians, as corroborated by the ME's testimony, are substantial evidence to support the final decision of the Commissioner.

## *Conclusion*

Accordingly, the court finds that there is no obvious error in law or fact and rejects the plaintiff's reiteration of her earlier arguments. Accordingly, the court denies the Motion to Alter or Amend Judgment.

**SO ORDERED**, this the ___ day of September, 2020.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**